Turley, J.
delivered the opinion of the court.
This is a bill on the part of the complainant, to be permitted to redeem lands mortgaged in 1826, to the defendant. The redemption is resisted upon the ground, that the equity has been lost, because the defendant acquired no title to the premises by virtue of the mortgage; but had been compelled after the date of its execution, in order to preserve himself, to purchase the same from one John Word and Thomas McClain, to whom-it legally belonged; and that from that time the defendant claimed and held the land, not under the mortgage, but in his own right as vendee under Word and McClain, adversely to any pretended right of complainant, and that with his full.knowledge and assent, and that more than seven years have elapsed since that time before the filing of his bill of complaint.
Many questions involving the rights of mortgagors and mortgagees have been argued for the complainant, all of them in his favor, if his case were fitted to them. But the allegation of the defendant, that he has claimed ever since his purchase from Word and McClain, to hold the premises absolutely in his own right as vendee under them, with the full knowledge and approbation of the complainant, and that more than seven years have elapsed since such adverse holding, is too well established to admit of controversy.
In 1885, Thomas Miller and William Woods filed a bill in the Chancery Court of Rogersville, against Wallen and Huff the present complainant and defendant, seeking to subject the premises now in dispute to the payment of a debt due to them from Wallen.
To this bill defendant Huff set up the same defence which he now relies upon. In his answer he distinctly and positively asserts, that he purchased the land from Word and McClain; that he has held for" more than seven years adversely to his co-defendant Wallen under such purchase, and with his knowledge and approbation. Wallen in hi§ answer refers to his co-defendant, Huff, and says, that he knows the matters and things stated therein to be true; that Huff derives his title to that portion purchased from John Word through him and not *93 the respondent; and as to all the residue of the land, he disclaims all right and title, for the reasons stated in Huff’s answer; and that he is the real owner, having paid for the respondent the full and entire value of the same. In addition to this Daniel Huff having, in 1835, executed a deed of conveyance to one Hugh Graham for a part of the land in dispute to secure him in the payment of a sum óf money, John Wallen did on the 22d of October, 1835, execute to the said Graham a deed of disclaimer in which he said,
“I set up no claim to said lands, and by these presents disclaim any interest or title in the same.”
After the direct statement in his answer, filed on oath, and in his deed under seal, not only admitting but asserting the defendant Huff’s right, to hold otherwise,' and set it up would be absurd. But it is argued that the answer of complainant is not evidence against him, because the bill to which it responds is not produced. To this the answer is plain and explicit. The bill is filed to subject the land to the payment of the debt of complainant against Wallen. Huff answers and defends himself by an assertion of a right to' the premises in himself, and not derived through his co-defendant; but by purchase from others, and a possession of more than, nine years, mating his ■ title good by the operation of the statute of limitations. Huff’s answer then upon this point sets up new matter in defence, and is not responsive to the bill. There is then no necessity to produce the bill for the complete .understanding of his answer, and Wallen’s answer referring tó Huff’s, and adopting it, stands in the same position. Huff’s answer is necessary to the understanding of Wallen’s, but the bill to neither.
That a mortgagee is not prohibited from purchasing an outstanding title, is not controvertible. That he may hold under such outstanding title, and adversely to the mortgagee is equally incontrovertible,- and if such adverse holding be with the knowledge of the mortgagee, the statute of limitations will form a complete protection.against the equity of redemption But in this case, such holding is not only admitted by the complainant, but he absolutely relinquishes and disclaims any title or interest in the premises.
Note. — The mortgagee is a trustee by deed for mortgagor, and therefore the statute of limitation do<?s not apply whilst this relation continues unchanged by the act of the parties. Angel on Limitations. And time only changes the relation of the trustee when a presumption of title arises. 4 Kent,187: 3 John. Ch. 159. lPaige,48: Yarborough vs. Newell, 10 Yerg. 380. 3 Yerg. 528; and this presumption may be rebutted by circumstances. Overton vs. Bigelow, 3 Yerg. 522. The general ruléis, that there may be redemption within twenty years.’ Ross vs. Norvell, 1 Wash. 14. As to what constitutes an adverse holding, See -Yarborough vs. Newell^ 10 Yerg. 382: Dulce vs. Harper, 8 Yerg. 280: Porter vs Porter, 3 Hump. 586.
We, therefore, hold that the complainant hath not lost any equity of redemption which may have existed under his mortgage of 1826, and reverse the decision of the Chancellor, and dismiss the bill.